**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Ashley Mitchell,<br><br>Plaintiff,<br>v.<br><br>Avery Smith, in his Official and Individual Capacities, *et al.*<br><br>Defendants. | Case No. 2:26-cv-3347-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the following claims be dismissed without prejudice: (1) all claims alleged against Defendant Hill-Finklea Detention Center; (2) Counts I, II, and IV alleged against Defendant Berkeley County Sheriff's Office; and (3) Counts I, II, and III and Count IV's official capacity claim alleged against Defendant Lewis. (Dkt. No. 11). The parties were advised that they had 14 days to file written objections to the R & R and that a failure to timely file objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 6). No written objections have been filed.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely

file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## II. Discussion

This action arises out of an alleged incident at the Hill-Finklea Detention Center in which Plaintiff, who had been arrested for driving under the influence, was sexually propositioned and improperly touched by Defendant Avery Smith, then working at the Detention Center. Plaintiff alleges that Defendant Smith was subsequently prosecuted and convicted of charges related to his encounter with her. (Dkt. No. 1). The partial motion to dismiss (Dkt. No. 4) was largely not disputed by the parties and left in place the following claims: (1) Counts I, II, and IV against Defendant Smith; (2) Count III against Defendant Berkeley County Sheriff's Office; and (3) Count IV's individual capacity claim against Defendant Lewis based on supervisory liability.

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in the R & R and correctly concluded that the causes of action set forth in the Conclusion are subject to dismissal without prejudice.

## III. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 11) is **ADOPTED** as the Order of the Court. The pending motion to dismiss (Dkt. No. 4) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. The following causes of action are dismissed without prejudice: (1) all claims against Defendant Hill-Finklea Detention Center; (2) Counts I, II, and IV against Defendant Berkeley County Sheriff's Office; and (3) Counts I, II, and II, and Count IV's official capacity claim alleged against Defendant Lewis.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 16, 2026
Charleston, South Carolina